# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**WILLIAM F. DOSHIER and DOTSTRATEGY, CO.**  PLAINTIFFS

v.  Case No. 4:18-cv-00700-KGB

**TWITTER, INC.**  DEFENDANT

## ORDER

Before the Court are plaintiffs William F. Doshier and dotStrategy, Co.'s ("dotStrategy") motion to allow limited jurisdictional discovery (Dkt. No. 15). Defendant Twitter, Inc. ("Twitter"), responded in opposition to the motion (Dkt. No. 20). For the following reasons, the Court denies the motion (Dkt. No. 15).

### I.  Procedural Background

Plaintiffs filed their complaint initially in the Circuit Court of Faulkner County, Arkansas (Dkt. No. 2). Twitter removed this action to this Court on September 21, 2018 (Dkt. No. 1). Twitter then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) (Dkt. No. 3). Plaintiffs oppose that motion (Dkt. No. 5). Plaintiffs then filed a motion to remand this action to Arkansas state court, contending that Twitter failed in its notice of removal to "meet its burden of demonstrating by a preponderance of the evidence that the jurisdictional amount has been met. . . ." (Dkt. No. 7, ¶ 3). Twitter opposes that motion (Dkt. No. 12).

Plaintiffs request limited, jurisdictional discovery in this matter on the basis that "Plaintiffs believe that in order to fully and fairly defend against, and dispute the propriety of, the removal of this case to federal court, as well as to establish that Venue is proper in Arkansas, that certain limited jurisdictional discovery is needed. . . ." (Dkt. No. 15, ¶ 3). Plaintiffs set forth the

jurisdictional discovery they propose and admit that such discovery is intended to demonstrate that Twitter has sufficient continuous and systematic contacts or connections with and within Arkansas for venue to be proper here (Dkt. No. 15, ¶ 6). Twitter opposes the motion because Twitter contends that the Court has all of the facts required to determine that Twitter is not subject to jurisdiction in Arkansas, that the information plaintiffs seek is irrelevant to the Court's inquiry because it would not establish the basis for this Court's exercising personal jurisdiction over Twitter, and because Twitter does not have and cannot provide the specific information plaintiffs seek (Dkt. No. 20, at 2). Further, Twitter maintains that, because plaintiffs failed to confer with Twitter prior to filing this motion, plaintiffs failed to comply with Local Rule 7.2(g) of the Local Rules of the Eastern District of Arkansas, and the Court should also deny the motion on this basis (*Id.*, at 2 n.1).

## II. Jurisdictional Discovery

### A. Legal Standard

Jurisdictional discovery is only warranted if the facts necessary to resolve the jurisdictional inquiry are either unknown or can be genuinely disputed. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). "Courts look to decisions under [Federal Rule of Civil Procedure] 56 for guidance in determining whether to allow discovery on jurisdictional facts." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). To request discovery under Rule 56(f), a party must file an affidavit that describes: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Id.*; *see also F.D.I.C. v. Dosland*, 50 F. Supp. 3d 1070, 1077 (N.D.

Iowa Oct. 7, 2014) (noting that the *Johnson* factors are "relevant to the determination of whether or not to allow jurisdictional discovery").

A plaintiff's bare assertion that jurisdictional discovery "would likely" reveal facts necessary to support jurisdiction is "entirely speculative, and 'when a plaintiff offers only speculation or conclusory assertions about [the existence of facts demonstrating jurisdiction,] a court is within its discretion in denying jurisdictional discovery.'" *Viasystems, Inc.,* 646 F.3d at 598 (quoting *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)). Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a jurisdictional discovery request is reviewed for abuse of discretion. *Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 713 (8th Cir. 2003). "The burden is on the plaintiff in seeking jurisdictional discovery . . . ." *Fever v. Westin, St. Louis*, No. 4:12CV9SNLJ, 2012 WL 1657062, at *2 (E.D. Mo. May 10, 2012).

### B. Analysis

The Court concurs with Twitter that jurisdictional discovery is not warranted. Initially, plaintiffs did not confer with Twitter prior to filing this motion for discovery. Further, jurisdictional discovery is not warranted because there is no demonstrated genuine dispute over the facts underlying this Court's lack of general jurisdiction. *Viasystems*, 646 F.3d at 598. Plaintiffs' complaint and Twitter's motion to dismiss set forth the relevant facts, and plaintiffs do not dispute them (Dkt. No. 20, at 5). Moreover, the discovery plaintiffs seek likely would not establish that Twitter has had continuous and systematic contact with the forum state, Arkansas, sufficient to render Twitter essentially at home in Arkansas and to establish this Court's general jurisdiction. Nothing in plaintiffs' proposed discovery will alter that Twitter remains a corporation organized under the law of Delaware; with its principal place of business in California; and with

no employees, offices, or real property in Arkansas. *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).

Nothing in plaintiffs' proposed discovery will demonstrate that Twitter specifically directed its conduct at Arkansas so as to establish specific jurisdiction either. *Viasystems*, 646 F.3d at 594-95. Instead, plaintiffs' proposed discovery is intended generally to seek information about the number of Twitter users residing in Arkansas or the level of user interaction with content generated by Twitter users residing in Arkansas. None of that evidence demonstrates conduct initiated by Twitter or an intent by Twitter to target purposefully Arkansas. *See Lingren v. GDT, LLC*, 312 F. Supp. 2d 1125, 1131 (S.D. Iowa 2004) (determining that, without more, a website that is accessible and interactive anywhere does not demonstrate an intent to purposefully target the forum state). In addition, Twitter explains through the affidavit of Courtney Smith, a Legal Policy Specialist on the Trust & Safety team at Twitter, that its users are not required to provide a geographic location nor are they required to provide the correct geographic location (Dkt. No. 20-1, ¶¶ 2-3). As a result, much of the information plaintiffs purport to seek is not reliably available from Twitter. Plaintiffs do not dispute this record evidence. For these reasons, the Court denies jurisdictional discovery.

### III. Conclusion

For the foregoing reasons, having reviewed the entire record and all filings relevant to this matter, the Court denies plaintiffs' motion to allow limited jurisdictional discovery (Dkt. No. 15).

So ordered this the 19th day of September, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

4